IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-614 |
| | ) | |
| DAVID M. LEUGERS, | ) | Judge Michael R. Barrett |
| CONNIE A. LEUGERS, | ) | Mag. Judge Stephanie K. Bowman |
| STATE OF OHIO, CITY OF FAIRFIELD in, | ) | |
| OHIO, BUTLER COUNTY in OHIO, and | ) | |
| PHH MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S RESPONSE
IN OPPOSITION TO DEFENDANT DAVID M. LEUGERS'
CHALLENGE JURISDICTION AND MOTION TO DISMISS**

NOW COMES plaintiff United States of America in response to defendant David M. Leugers' Challenge Jurisdiction and Motion to Dismiss and respectfully requests that the Court deny defendant's motion on the grounds, as more fully set forth in the attached memorandum of law, that the Court has both subject-matter jurisdiction over this action and personal jurisdiction over defendant David M. Leugers.

        Respectfully submitted,

        CAROLINE D. CIRAOLO
        Acting Assistant Attorney General

        /s/ James M. Strandjord
        JAMES M. STRANDJORD
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C. 20044
        202-616-3345 (v)
        202-514-5238 (f)
        James.M.Strandjord@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:16-cv-614 |
| DAVID M. LEUGERS, | ) | Judge Michael R. Barrett |
| CONNIE A. LEUGERS, | ) | Mag. Judge Stephanie K. Bowman |
| STATE OF OHIO, CITY OF FAIRFIELD in, | ) | |
| OHIO, BUTLER COUNTY in OHIO, and | ) | |
| PHH MORTGAGE CORPORATION, | ) | |
| Defendants. | ) | |

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DAVID M. LEUGERS' CHALLENGE JURISDICTION AND MOTION TO DISMISS**

Plaintiff United States of America respectfully submits this memorandum of law in opposition to the defendant David M. Leugers' Challenge Jurisdiction and Motion to Dismiss.

**STATEMENT OF ISSUE PRESENTED**

Defendant David M. Leugers' Challenge Jurisdiction and Motion to Dismiss appears to contend that this Court does not have personal jurisdiction or subject matter jurisdiction over him. Docket No. 7, p 2. Defendant's contentions are frequently raised by tax defiers, also known as tax protesters, and have been repeatedly dismissed by the courts as frivolous.

**BACKGROUND**

On June 7, 2016, the United States filed a complaint against, amongst others, defendant David M. Leugers to reduce his tax assessments to judgment and to enforce the United States' federal tax liens against defendant Leugers' residence. Docket No. 1.  On June 10, 2016, defendant Leugers was served, pursuant to Fed. R. Civ. P. 4(e)(2)(B), by leaving a copy of the summons and complaint at his residence with his wife, defendant Connie A. Leugers. *See* Exhibit A, Affidavit of Service.

On June 21, 2016, defendant David M. Leugers filed a document entitled Notice of Withdrawal of Appearance as Agent, Docket No. 5, and filed a document entitled Notice of Non-Representative Capacity. Docket No. 6.  On June 29, 2016, defendant David M. Leugers filed a Challenge to Jurisdiction and Motion to Dismiss. Docket No. 7.

**STANDARD OF REVIEW**

Pursuant to the Federal Rules of Civil Procedure, a court may dismiss claims filed in a complaint for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for lack of personal jurisdiction. Fed. R. Civ. P.12(b)(2).  In a challenges to both personal and subject matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

# ARGUMENTS

## I. The Court Has Both Subject Matter Jurisdiction Over This Case And Personal Jurisdiction Over Defendant David M. Leugers

### a. The Court Has Subject Matter Jurisdiction Over This Case

Several statutes independently grant this Court subject matter jurisdiction over this case, including 28 U.S.C. § 1340, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade."

Further, 26 U.S.C. § 7402(a) provides that:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

Additionally, 26 U.S.C. § 7403(a) authorizes the government to file suit in the United States district courts in order to enforce a tax lien. *See United States v. Jokinen*, 1991 WL 151038, *1, 940 F.2d 663 (6th Cir. 1991) (holding that "jurisdiction was proper in the district court pursuant to I.R.C. § 7403(a), which authorizes the government to file suit in the United States district courts in order to enforce a tax lien.").

As stated above, the United States filed suit to reduce to judgment the tax liabilities of defendant David M. Leugers and to enforce the United States' federal tax liens against the defendant's residence. Docket 1. Because this action arises under the Internal Revenue Code

and seeks to enforce the internal revenue laws, this Court has subject matter jurisdiction over this action. *See United States v. Grable,* 1991 WL 202620, *2, 946 F.2d 896 (6th Cir.1991) (holding that contentions that the district court did not have subject matter jurisdiction over suit to reduce tax assessments to judgment "are patently frivolous.").

### b. The Court Has Personal Jurisdiction Over Defendant David M. Leugers

It is well settled that a district court obtains personal jurisdiction over an individual who resides with in the district of the court and who is served with a summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See generally Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945) (holding that a court has personal jurisdiction over a defendant who has received "personal service of summons or other form of notice" and is within the territory of the forum.); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957) (holding that the district court obtained personal jurisdiction over a defendant because a copy of the summons and complaint were left at his usual place of abode with a person of suitable age and discretion then residing therein); *see also* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]").

Rule 4(e)(2)(B) of the Fed. R. Civ. P. provides that:

> "an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by . . . leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]"

As set forth in the attached Affidavit of Special Process Server, the summons issued by the Clerk of this Court for David M. Leugers, Docket No. 2, was served along with a copy of the

complaint on June 10, 2016 by leaving such summons and complaint with defendant David Leugers' wife, defendant Connie A. Leugers, at their usual place of abode: 4560 Rita Mae Drive, Fairfield, Ohio 45014.

Because defendant resides in Ohio and was duly served at his residence in accordance with Fed. R. Civ. P. 4(e)(2)(B), the Court has personal jurisdiction over defendant. *See Smith*, 249 F.2d at 245.

### II. Defendant's Contentions Are Frivolous and Without Merit

Defendant Leugers appears to raise two contentions in his motion to dismiss: (1) federal district courts do not have jurisdiction in Ohio because Ohio is not part of the United States, Docket No. 7, p. 2; and (2) defendant Leugers is not a citizen of the United States because he is a citizen of Ohio. Docket No. 7, p. 3. As discussed above, the Court has both personal and subject matter jurisdiction over defendant and this action. Further, both of the defendant's specific contentions have been repeatedly and universally rejected by the courts as frivolous. *See e.g. United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) ("defendant argues that the District Court lacked jurisdiction over him because he is solely a resident of the state of Michigan and not a resident of any "federal zone" and is therefore not subject to federal income tax laws. This argument is completely without merit and patently frivolous.").

**CONCLUSION**

For the reasons stated above, the United States of America respectfully requests that the Court deny defendant David M. Leugers' Challenge Jurisdiction and Motion to Dismiss and grant such other and further relief as the Court deems just and proper.

                                          Respectfully submitted,

                                          CAROLINE D. CIRAOLO
                                          Acting Assistant Attorney General

                                          /s/ James M. Strandjord
                                          JAMES M. STRANDJORD
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 55
                                          Washington, D.C. 20044
                                          202-616-3345 (v)
                                          202-514-5238 (f)
                                          James.M.Strandjord@usdoj.gov

# **CERTIFICATE OF SERVICE**

      I hereby certify that on July 18, 2016, I electronically filed the foregoing document and attachments with the Clerk of the District Court using the EM/ECF system, which sent notification of such filing to all register parties.

      And, I hereby certify that I have mailed on the same day by the United States Postal Service the foregoing document to the following non-EM/ECF participant(s) and parties who have not yet made an appearance in this case:

David M. Leugers  
4560 Rita Mae Drive  
Fairfield, Ohio 45014

Connie A. Leugers  
4560 Rita Mae Drive  
Fairfield, Ohio 45014

PHH Mortgage Corp.  
3000 Leadenhall Rd  
Mail Stop DC  
Mt. laurel, NJ 08054

      /s/ James M. Strandjord  
      JAMES M. STRANDJORD  
      Trial Attorney, Tax Division  
      U.S. Department of Justice  
      P.O. Box 55  
      Washington, D.C. 20044  
      202-616-3345 (v)  
      202-514-5238 (f)  
      James.M.Strandjord@usdoj.gov

**Plaintiff's Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, | |
| VS. | | |
| DAVID M. LEUGERS, CONNIE A. LEUGERS, STATE OF OHIO, CITY OF FAIRFIELD in OHIO, BUTLER COUNTY in OHIO, and PHH MORTGAGE CORPORATION, | Defendants. | Court No.: 1:16-cv-00614-MRB |

## AFFIDAVIT OF SPECIAL PROCESS SERVER

I, <u>Kevin Allen</u>, being first duly sworn on oath depose and state as follows: I am over the age of 18, not a party to this action, and an employee or agent of Firefly Legal, Inc., a licensed private detective agency, license number 117.001465. Following are the results of my efforts to serve process in the above captioned case:

Type of Process: <u>Summons in a Civil Action and Complaint</u>

Defendant to be served: <u>David M. Leugers</u>

ADDRESS WHERE ATTEMPTED OR SERVED: <u>4560 Rita Mae Drive, Fairfield, OH, 45014</u>

I SERVED the within named defendant on: <u>6/10/2016 5:35 PM</u>

**X** SUBSTITUTE SERVICE by leaving a copy of this process at his/her usual place of abode with: <u>Connie A. Leugers</u>, (Relationship): <u>Spouse</u>, a person residing therein who is the age of 13 years or upwards confirmed the defendant resides at the above address and informed that person of the contents thereof.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**Age:** <u>51</u> **Gender:** <u>Female</u> **Race:** <u>Caucasian</u> **Height:** <u>5-7</u> **Weight:** <u>126-150</u> **Hair:** <u>Brown</u> **Glasses:** <u>Yes</u>

Additional Comments:
This is the defendant's usual place of abode.

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

Subscribed and sworn before me on <u>6/20/2016</u>

Signature of Process Server

Kevin Allen
Printed Name
Process Server
Title

*Bethany M. Huffman*
Notary Public

BETHANY M. HUFFMAN
Notary Public, State of Ohio
My Commission Expires Jan. 28, 2020



Page 1 of 1  File Number: 1US060816
Reference Number: 3432901
Case Number: 1:16-cv-00614-MRB
Doc Generated: 06/17/2016 12:06:32:392 PM

642367_3432901_0_23_V4