IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16cv614 |
| | ) | |
| DAVID M. LEUGERS, et al, | ) | |
| | ) | |
| *Defendants* | ) | |

### ANSWER TO PLAINTIFF UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT DAVID M. LEUGERS' CHALLENGE JURISDICTION AND MOTION TO DISMISS

i, david of the House Leugers, a living man without benefit of counsel, hereinafter known as Leugers, and by special limited appearance in a non-representative capacity as a third party intervenor, hereby answers Plaintiff's response.

Wherefore the burden of proof is upon the Plaintiff.

Plaintiff uses presumptions and opinions to deflect Leugers' challenge to the Court's jurisdiction over Leugers without responding to the specifics of the challenge. Words such as "tax defiers" (sic), "tax protesters", "frivolous", and "well settled" are undefined terms which are prejudicial and give the appearance of authority without the burden of proof. Plaintiff's STATEMENT OF ISSUE PRESENTED (Page: 2 of 10 PAGEID #:40) is nothing more than an *Ipse Dixit*.

1

Leugers demands due process which can not exist with the acceptance as evidence of any or all of the following presumptions put forth by the Plaintiff:

Plaintiff presumes (Page: 2 of 10 PAGEID #:40): that United States of America is the Plaintiff; that David M. Leugers is the Defendant.

Plaintiff presumes (Page: 3 of 10 PAGEID #: 41): that David M. Leugers is the Defendant; that David M. Leugers has "tax assessments"; that Leugers is the Defendant and has a "residence"; that the United States of America is the Plaintiff that bears the burden of establishing jurisdiction.

Plaintiff presumes (Page: 4 of 10 PAGEID#: 42): that the Defendant is David M. Leugers; that the the United States in *26 U.S.C. § 7402(a)* is the Plaintiff UNITED STATES OF AMERICA; that *26 U.S.C. § 7402(a)* is positive law; that the government in *26 U.SC. § 7403(a)* is the Plaintiff UNITED STATES OF AMERICA; that *26 U.S.C. § 7403(a)* is positive law; that *I.R.C.§ 7403(a)* is positive law; that *United States v. Jokinen, 1991 WL 151038, *1, 940 F.2d 663 (6th Cir. 1991)* exactly replicates the circumstances it is being applied to; that the United States filed suit; that David M. Leugers has tax liabilities; and that David M. Leugers has a "residence".

Plaintiff presumes (Page: 5 of 10 PAGEID#: 43): that *United States v. Grable* exactly replicates the specifics of Leugers' challenge; that the Defendant is David M. Leugers; that Leugers "resides" with in the district of the Court; that Leugers was served with a summons and complaint pursuant to Rule 4 of the Federal Rules of Procedure; that *Int'l Shoe Co. v State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316, (1945)* exactly

2

replicates the circumstances it is being applied to; that *Smith v. Kincaid, 249 F. 2d 243, 245 (6th Cir. 1957)* exactly replicates the circumstances it is being applied to; that *Fed. R. Civ. P. 4(k)(1)(A)* exactly replicates the circumstances it is being applied to; that *Rule 4(e)(2)(B) of the Fed. R. Civ. P.* exactly replicates the circumstances it is being applied to; that Leugers is an "individual"; and that Leugers "resides".

Plaintiff presumes (Page: 6 of 10 PAGEID#: 44): that the Defendant is David M. Leugers; that the Defendant was duly served; that the Defendant "resides" in Ohio; that a summons issued to David M. Leugers was served in accordance with Fed. R. Civ. P. 4(e)(2)(B) left with his wife at 4560 Rita Mae Drive, Fairfield, Ohio giving the Court jurisdiction over the Defendant; that the Defendant is Leugers; that Leugers raised two specific contentions in his motion to dismiss; that it is known which definition of "the United States" is meant; that Leugers is a citizen; and that *United States v Mundt, 29 F.3d 233, 237 (6th Cir. 1994)* has application to the issues brought forth in Leugers' CHALLENGE JURISDICTION AND MOTION TO DISMISS.

Wherefore Plaintiff's presumptions are not evidence and affect the burden of proof, therefore they are rebuttable. *Calif. Evid. Code § 600.*

Wherefore Plaintiff's presumptions prejudice Leugers Constitutionally guaranteed rights, therefore they are unconstitutional and may not be employed. *Vlandis v. Kline 412 U.S. 441, 449, 93 S.Ct. 2230, 2235 (1973); Cleveland Bed. of Ed. v. LaFleur, 414 U.S. 632, 639-640, 94 S. Ct. 1208, 1215 (1974)*

3

Plaintiff evades responding to the specifics of Leugers' challenge to the Court's jurisdiction over Leugers in putting forth contentions not specifically raised by Leugers and then responding to them. The entirety of Plaintiff's **II. Defendant's Contentions Are Frivolous and Without Merit** (Page: 6 of 10 PAGEID#: 44) is nothing more than an *Ipse Dixit*.

Wherefore Plaintiff provided no proof the UNITED STATES DISTRICT COURT in the Southern District of Ohio has general jurisdiction with out Territory or other Property belonging to the United States such as upon the land with in Butler County, Ohio.

Wherefore Plaintiff provided no proof of lawful ownership by the United States of Leugers' property situated in Butler County, Ohio establishing the authority to control said property to extend jurisdiction to the UNITED STATES DISTRICT COURT.

Wherefore Plaintiff produced no proof Leugers is the Defendant, DAVID M. LEUGERS.

Wherefore Plaintiff produced no proof to refute Leugers' status as put forth in Leugers' CHALLENGE JURISDICTION AND MOTION TO DISMISS. As a non-resident non-person Leugers is not present within or domiciled within any United States judicial district. Therefore Leugers is beyond the jurisdiction of the Court, protected by the *Minimum Contacts Doctrine, U. S. Supreme Court* and the *Foreign Sovereign Immunities Act (F.S.I.A.), 28 U.S.C. Part 4, Chapter 97*.

Wherefore Plaintiff repeatedly presumes David M. Leugers is the defendant (in place of DAVID M. LEUGERS) in an apparent attempt to kidnap Leugers' identity and move it to the District of Columbia. This action, even if it were to succeed temporarily, is unlawful and can not create jurisdiction where none existed prior and would thus void any judgment by the Court.

Whereas Plaintiff has not proven the Court has jurisdiction over Leugers, Leugers respectfully moves the Court to dismiss this case (Civil Action No. 1:16cv614) with prejudice.

**Notice of Service of Process**

i, hereby certify that i mailed a true and correct copy of the foregoing by first class US mail postage prepaid to:

the man James M. Strandjord
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, District of Columbia 20044

this 1st of August, A.D. 2016

Sincerely

*david michael leugers*  david-michael:leugers non-negotiable
autograph, under seal and in service, all rights reserved.

5