UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID M. LEUGERS, et al.,

    Defendants.

Case No. 1:16-cv-614

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background

On June 7, 2016, the United States filed a civil complaint to collect the unpaid tax liabilities of Defendant David M. Leugers for federal income taxes, penalties, and interest, and to enforce the liens of the United States securing that debt against a parcel of real property located in Fairfield, Ohio. (Doc. 1). In lieu of filing an Answer, Defendant David Leugers filed a motion to dismiss this lawsuit, based upon an alleged lack of jurisdiction.

In addition to filing suit against David M. Leugers, Plaintiff named his wife, Connie A. Leugers, to the extent that she may have an interest in the property. Ms. Leugers appears to have been properly served, but has filed no timely Answer. (*See* Doc. 13).

The United States also named four other Defendants to the extent that they may have interest in the same parcel of real property: the State of Ohio, the City of Fairfield,

Butler County, and PHH Mortgage Corporation, for the same reasons.[1]  The complaint alleges that Defendant David Leugers owes taxes or related debts to the United States arising out of liabilities beginning with the Tax Year 2002, and continuing through the Tax Year 2008.  (Id. at ¶10).  As a result, a delegate of the Secretary of the Treasury filed Notices of Federal Tax Lien in the Butler County Record's Office  (*Id.* at ¶¶ 15-18).  The complaint further alleges that David M. Leugers owns an undivided one-half interest in the title and ownership of property located at 4560 Rita Mae Drive in Fairfield, Ohio.  (*Id.* at ¶19).  The United States seeks to enforce its lien(s) against the Rita Mae Property by having the property sold at a judicial sale, and requests a judgment be entered in favor of the United States and against the Defendant David M. Leugers in the amount of $144,857.33, plus statutory additions including interest.

Because the Defendant David Leugers proceeds *pro se*, the pending motion to dismiss has been referred to the undersigned for initial review.  I now recommend the denial of that motion.

**II.    Analysis**

Defendant's motion to dismiss on jurisdictional grounds relies upon what has commonly been described as "sovereign citizen" theories, alleging that Defendant is an "Ohioan (Ohio National)" who is not a citizen of the United States and therefore not subject to its authority. (Doc. 7 at PageID 24).[2]  Defendant additionally asserts that the

---

[1]Butler County and the State of Ohio filed Answers asserting their own tax liens.  (Doc. 4).  The City of Fairfield has not yet answered, but its time for doing so has not yet expired. On August 29, 2016, the United States and Defendant PHH Mortgage Corporation filed a Joint Stipulation of Dismissal concerning Plaintiff's claims against that Defendant, due to the lack of any present interest in the property by PHH Mortgage Corp.  (Doc. 19).
[2]In addition to Defendant's motion to dismiss, he filed on June 21, 2016 a document entitled "Notice of Withdrawal of Appearance as Agent" (Doc. 5), as well as a "Notice of Non-Representative Capacity" (Doc. 6).  Both documents rely on similar nonsensical legal theories.

United States of America "is not 'the United States' of the U.S. Constitution" and therefore that this Court has no jurisdiction. (Doc. 7 at PageID 22). In short, Defendant Leugers asserts a lack of personal jurisdiction over him, and a lack of subject matter jurisdiction over this case. Attached to Defendant Leugers' motion is a "Judicial Notice of Fraud and Violation Immediate Order to Cease and Desist" that purports to be signed by a woman who identifies herself as "Judge Anna Maria Riezinger, non-negotiable, all rights reserved, for, by, and on the record of the Alaska State Superior Court." (Id., PageID 27).[3]

Defendant's motion is patently frivolous. Arguments that a person is a "sovereign citizen" and not subject to the laws of the United States have uniformly been rejected by the courts as lacking any foundation in law. *See, e.g., United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994) (such an argument "is completely without merit and patently frivolous"); *United States v. Grable*, 1991 WL 202620, at *2, 946 F.2d 896 (6th Cir. 1991)(same); *see also United States v. Allen,* 2009 WL 5218069 (S.D.Ohio Dec.31, 2009), *adopted* 2010 WL 2362575 (S.D.Ohio June 10, 2010).

In its response to Defendant's motion, the United States points to several statutes that independently grant this Court subject matter jurisdiction over this case, including 28 U.S.C. § 1340 and 26 U.S.C. § 7603(a). Based upon both statutory and case authority, the undersigned rejects Defendant's frivolous motion to dismiss this case for lack of subject matter jurisdiction.

For the same reasons, the undersigned rejects Defendant's argument that this Court lacks personal jurisdiction over him. *See generally Int'l Shoe Co. v. State of*

---

[3]Ms. Riezinger, sometimes identified as Anna Von Reitz, is a self-proclaimed "Alaska Superior Court

*Wash. Office of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945) (holding that a court has personal jurisdiction over a defendant who has received "personal service of summons or other form of notice" and is within the territory of the forum). The record reflects that the summons issued by the Clerk of this Court was served along with a copy of the complaint on June 10, 2016 by leaving such summons and complaint with Defendant David Leugers' wife, Defendant Connie A. Leugers, at their usual place of abode: 4560 Rita Mae Drive, Fairfield, Ohio 45014.

Defendant David Luegers' reply memorandum continues to maintain that he is appearing only "by special limited appearance in a non-representative capacity as a third party intervenor." (Doc. 14, PageID 55). Mr. Luegers protests that the Plaintiff has failed to prove any and all presumptions: that the United States of America is actually the Plaintiff herein, that the statutes cited are "positive law," that Luegers is an individual, that he is the Defendant, that he is a citizen, that he was properly served and resides in this district, and that the cited cases apply. Mr. Luegers identifies himself as a "non-resident non person [who] is not present within or domiciled within any United States judicial district…beyond the jurisdiction of the Court, protected by the Minimum Contacts Doctrine, U.S. Supreme Court and the Foreign Sovereign Immunities Act." (Doc. 14, PageID 58). Mr. Luegers appears to believe that the only authorized federal district court is located in the District of Columbia, a location in which Defendant Luegers does not reside. Mr. Luegers concedes nothing and recognizes no law.

---

Judge" whose edicts have been cited by other pro se litigants who share a version of Mr. Leugers' misguided beliefs. *See, e.g.*, *Boyd v. United States*, Case No. 1:16-cv-802.

In *Mundt*, the Sixth Circuit quoted extensively from a prior opinion of the Tenth Circuit in an attempt to "put the argument to rest." For as long as this Court continues to see the same tired arguments, the prior analysis remains apropos:

> [Defendant]'s motion to dismiss advanced the hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories. [Defendant]'s memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States." [Defendant] also conveniently ignored article I, section 8 of the United States Constitution which empowers Congress to create, define and punish crimes irrespective of where they are committed. *See United States v. Worrall,* 2 U.S. (2 Dall.) 384, 393, 1 L.Ed. 426 (1798) (Chase, J.). Article I, section 8 and the sixteenth amendment also empowers Congress to create and provide for the administration of an income tax; the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within that authority. Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant.
>
> ... For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves, *see Brushaber v. Union Pac. R.R.,* 240 U.S. 1, 12-19, 36 S.Ct. 236, 239-42, 60 L.Ed. 493 (1916); efforts to argue otherwise have been sanctioned as frivolous....
>
> *United States v. Collins,* 920 F.2d 619, 629 (10th Cir.1990) (citations omitted), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991).

*United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994).

The undersigned has doubts as to whether Mr. Luegers will ever recognize a ruling by this Court. However, there is no doubt that Mr. Luegers' beliefs concerning subject matter and personal jurisdiction over him are clearly erroneous.

5

### IV. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** the motion of Defendant David M. Luegers (and/or "david-micheal: luegers non-negotiable autograph" and/or "david of the House Leugers, a living man without benefit of counsel, hereinafter known as Leugers") to dismiss this action for lack of jurisdiction (Doc. 7) be DENIED.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UNITED STATES OF AMERICA,  Case No. 1:16-cv-614

    Plaintiff,  Barrett, J.
                                                  Bowman, M.J.
    v.

DAVID M. LEUGERS, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).