**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:16-cv-614 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| DAVID M. LEUGERS, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

**I.  Background**

On June 7, 2016, the United States filed a civil complaint to collect the unpaid tax liabilities of Defendant David M. Leugers for federal income taxes, penalties, and interest, and to enforce the liens of the United States securing that debt against a parcel of real property located in Fairfield, Ohio. (Doc. 1). In lieu of filing an Answer, Defendant David Leugers filed a motion to dismiss this lawsuit, based upon an alleged lack of jurisdiction. On September 1, 2016, the undersigned filed a Report and Recommendation (R&R) in which I recommended that Defendant's motion be denied. (Doc. 20). Defendant Luegers has filed objections to that R&R, which remain pending before the presiding district judge.

On October 12, 2016, the undersigned entered a scheduling order. On October 19, 2016, Defendant David Luegers filed a copy of the same order with a handwritten notation at the top stating: "I do not want to contract and I do not consent to these proceedings." (Doc. 33).

On October 24, 2016, Defendant Luegers filed a "Rule 12(i) Motion to Hear Leuger" Challenge Jurisdiction and Motion to Dismiss." (Doc. 35). As with Mr. Leugers' prior motion to dismiss, the instant motion has been referred to the undersigned magistrate judge for initial consideration.

## II.  Analysis

In the referenced motion, Mr. Luegers "respectfully demands there can be no continuation of this…case…without the Court first haven proven it has jurisdiction over Leugers." (Doc. 35 at PageID 137). Although the United States filed no formal response to Mr. Luegers' latest motion, it was not required to do so given the prior R&R filed on September 1, 2016, which clearly reviewed the same arguments and established this Court's jurisdiction over the Defendant.

Defendant's current motion presents no new arguments that would alter the undersigned's prior analysis. Therefore, the analysis set forth in the September 1, 2016 R&R is incorporated as if restated in full. Based upon that prior analysis and because the current motion is wholly duplicative of issues previously considered, the present motion also should be denied.[1]

## IV. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** the "Rule 12(i) motion" of Defendant David M. Luegers and/or "david of the House Leugers" or simply "Leugers", (Doc. 35) be DENIED.

---

[1] Defendant adds a citation to Rule 12(i), Federal Rules of Civil Procedure, seeking a hearing before trial of the jurisdictional issues presented in his motion. Rule 12(i) does not require the Court to hold oral argument. In this case, the filing of an R&R upon the submission of briefs, which R&R ultimately must be adopted or rejected by the presiding district judge, fully complies with Rule 12.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:16-cv-614 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| DAVID M. LEUGERS, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).