UNITED STATES DISTRICT COURT.
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:16cv614 |
| ) | |
| vs. ) | Judge Michael R. Barrett |
| ) | |
| DAVID M. LEUGERS, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### ORDER

This matter is before the Court on the Report and Recommendations ("R&R") of the Magistrate Judge (Doc. 20). Defendant David Leugers filed his Objections to the R&R (Doc. 25) and Plaintiff filed a response (Doc. 27).

The Magistrate Judge set forth the facts of this case, and the same will not be repeated here except to the extent necessary to respond to Defendant Leugers' objections. The United States filed a civil complaint to collect unpaid tax liabilities of Defendant David M. Leugers for federal income taxes, penalties, and interest, and to enforce liens securing that debt against a parcel of real property. (*See generally* Doc. 1).

Defendant Leugers filed a motion to dismiss for lack of jurisdiction arguing this Court does not have personal jurisdiction or subject matter jurisdiction over him. (Doc. 7). The Magistrate Judge recommends denying his motion. Defendant Leugers objects to the Magistrate Judge's R&R. For ease of discussion, Defendant Leugers' objections will be addressed out of order.

1

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Defendant Leugers first objects to the Magistrate Judge interpreting his jurisdictional challenge as "sovereign citizen" theories. (Doc. 25, PageID 90). He argues the Magistrate Judge's reliance on *United States v. Mundt*, 29 F.3d 233 (6th Cir. 1994) is misplaced. Defendant Leugers argues that he is not a citizen of the United States. Rather, he contends he is a citizen of Ohio who has never lived in the District of Columbia, Federal Insular States, or otherwise been associated with the federal government. He further argues that the Magistrate Judge improperly assumed his domicile was within a federal territory because he was served in Ohio. Thus, he argues this Court does not have personal jurisdiction over him. Regardless of how Defendant Leugers wishes to classify his argument, the Magistrate Judge nevertheless properly concluded that *Mundt* established that such arguments are without merit and are patently frivolous. *Mundt*, 29 F.3d at 237. It is undisputed that he is domiciled in Ohio. As an Ohio citizen, he is subject to the laws of the United States.

Defendant Leugers' argument that he is not a taxpayer subject to the Internal Revenue Code is likewise meritless. As the Magistrate Judge explained, the United States Supreme Court has held, and the Sixth Circuit in *Mundt* explained that the Sixteenth Amendment authorizes a direct nonapportioned tax on United States citizens throughout the nation, not just citizens in federal enclaves. (Doc. 20, PageID 75) (citing *Mundt*, 29 F.3d at 237).

Accordingly, Defendant Leuger's objections with respect to personal jurisdiction over **OVERRULED**.

Defendant Leugers also objects to the Magistrate Judge making presumptions that he appears to believe that the only authorized federal district court is located in the District of Columbia. He argues such presumptions violate due process. This argument is likewise without merit. Regardless of whether Defendant Leugers indeed believes the Magistrate Judge's statement to be true, the fact remains: this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1340, 26 U.S.C. § 7603(a), as well as case authority establishing the same.

Finally, Defendant Leugers objection that the use of all capital letters in a court case caption nullifies this Court's jurisdiction is unavailing. He provides no basis for his argument, which is erroneous, as the Magistrate Judge correctly explained. The case he cites, *United States v. Throckmorton*, 98 U.S. 61, 64 (1878) addresses collateral attacks on judgments from other district courts. That case is inapposite.

Defendant Leugers' objections with respect to subject matter jurisdiction are **OVERRULED**.

Defendant Leugers asserts that he is appearing only by special limited appearance in a non-representative capacity as a third party intervenor to challenge the jurisdiction of the Court.

Having concluded that the Court has personal jurisdiction over him and subject matter jurisdiction over this case, the undersigned does not Defendant Leugers' objections with respect to this issue.

Consistent with the foregoing, Defendant's Objections (Doc. 25) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 20) is **ADOPTED** in its entirety.  Accordingly, it is hereby **ORDERED** that Defendant's Challenge of Jurisdiction and Motion to Dismiss (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

  s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court